1  Charles R. Messer (SBN 101094)
   messerc@cmtlaw.com
2  David J. Kaminski (SBN 128509)
   kaminskid@cmtlaw.com
3  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
4  Los Angeles, California 90045
   (310) 242-2200 Telephone
5  (310) 242-2222 Facsimile

6  Attorneys for Defendant
   CREDIT CONTROL, LLC
7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11 GERALDINE F. ROBINSON,          )  CASE NO. 3:13-CV-01672-DMS-WVG
   individually and on behalf of all )
12 others similarly situated,       )
                                    )  **ANSWER**
13                                  )
        Plaintiff,                  )
14                                  )
        v.                          )
15                                  )
   CREDIT CONTROL, LLC,             )
16                                  )
        Defendant.                  )
17                                  )
                                    )
18                                  )
                                    )
19                                  )
                                    )
20 ———————————————————             )

21

22      Defendant CREDIT CONTROL, LLC ("Defendant") hereby answers the

23 Complaint of Plaintiff GERALDINE F. ROBINSON ("Plaintiff") as set forth

24 below.

25 / / /

26 / / /

27 / / /

28 / / /

{00009513.DOC;1}                    1

07654.20                                              ANSWER
                                        CASE NO. 3:13-CV-01672-DMS-WVG

# INTRODUCTION

1.      Defendant admits that Plaintiff has brought an action that alleges violations of the Telephone Consumer Protection Act ("TCPA") and that Plaintiff's Complaint is styled as a class action.  Defendant denies that Plaintiff's allegations have merit.  Defendant further denies the remaining allegations in Paragraph 1 of Plaintiff's Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

2.      Defendant denies that the TCPA was designed to prevent any calls Defendant might have placed.  Paragraph 2 of Plaintiff's Complaint contains no further affirmative allegations against Defendant.  To the extent said paragraph is deemed to contain any further affirmative allegations against Defendant, Defendant denies them.  Moreover, the allegations in said paragraph constitute legal conclusions to which no response is required.

3.      Paragraph 3 of Plaintiff's Complaint contains no affirmative allegations against Defendant.  To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them.  Moreover, the allegations in said paragraph constitute legal conclusions to which no response is required.

4.      Paragraph 4 of Plaintiff's Complaint contains no affirmative allegations against Defendant.  To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them.  Moreover, the allegations in said paragraph constitute legal conclusions to which no response is required.

5.      Paragraph 5 of Plaintiff's Complaint contains no affirmative allegations against Defendant.  To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them.  Moreover, the allegations in said paragraph constitute legal conclusions to which no response is required.

6.    Paragraph 6 of Plaintiff's Complaint contains no affirmative allegations against Defendant.  To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them.  Moreover, the allegations in said paragraph constitute legal conclusions to which no response is required.

### JURISDICTION AND VENUE

7.    Defendant admits that the TCPA is a federal statute.  Defendant denies the remaining allegations in Paragraph 7 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

8.    Defendant denies that it has conducted any business in San Diego with respect to Plaintiff.  Defendant further denies the remaining allegations in Paragraph 8 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

### PARTIES

9.    Defendant admits, upon information and belief, that Plaintiff is a resident of the State of Nevada.  Defendant denies the remaining allegations in Paragraph 9 of Plaintiff's Complaint, as they lack foundation and constitute legal conclusions.

10.    Defendant admits that it is a Missouri limited liability company with a business address in Hazelwood, Missouri.  Defendant lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11.    Defendant denies that it is a corporation.  Defendant further denies the remaining allegations in Paragraph 11 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

12.    Defendant admits, generally, that it provides receivables management services to various organizations nationwide.

/ / /

## FACTUAL ALLEGATIONS

13.   Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

14.   Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

15.   Defendant currently lacks sufficient knowledge to admit or deny the allegations in Paragraph 15 of Plaintiff's Complaint, which also lack foundation and are vague and ambiguous.   Defendant is in the process of investigating Plaintiff's claims.

16.   Defendant currently lacks sufficient knowledge to admit or deny the allegations in Paragraph 16 of Plaintiff's Complaint, as they lack foundation and are vague and ambiguous, and because Plaintiff has not sufficiently identified the telephone number Defendant allegedly called.   Defendant is in the process of investigating Plaintiff's claims.

17.   Defendant currently lacks sufficient knowledge to admit or deny the allegations in Paragraph 17 of Plaintiff's Complaint, as they lack foundation and are vague and ambiguous, and because Plaintiff has not sufficiently identified the telephone number Defendant allegedly called.   Defendant is in the process of investigating Plaintiff's claims.

18.   Defendant currently lacks sufficient knowledge to admit or deny the allegations in Paragraph 18 of Plaintiff's Complaint, as they lack foundation and are vague and ambiguous, and because Plaintiff has not sufficiently identified the telephone number Defendant allegedly called.   Defendant is in the process of investigating Plaintiff's claims.

/ / /

/ / /

19.     Defendant currently lacks sufficient knowledge to admit or deny the allegations in Paragraph 19 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, constitute legal conclusions, and because Plaintiff has not sufficiently identified the telephone number Defendant allegedly called. Defendant is in the process of investigating Plaintiff's claims.

20.     Defendant currently lacks sufficient knowledge to admit or deny the allegations in Paragraph 20 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, constitute legal conclusions, and because Plaintiff has not sufficiently identified the telephone number Defendant allegedly called. Defendant is in the process of investigating Plaintiff's claims.

21.     Defendant currently lacks sufficient knowledge to admit or deny the allegations in Paragraph 21 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, constitute legal conclusions, and because Plaintiff has not sufficiently identified the telephone number Defendant allegedly called. Defendant is in the process of investigating Plaintiff's claims.

22.     Defendant currently lacks sufficient knowledge to admit or deny the allegations in Paragraph 22 of Plaintiff's Complaint, as they lack foundation, are vague and ambiguous, constitute legal conclusions, and because Plaintiff has not sufficiently identified the telephone number Defendant allegedly called. Defendant is in the process of investigating Plaintiff's claims.

23.     Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

## CLASS ACTION ALLEGATIONS

24.     Defendant admits that Plaintiff has brought an action purportedly on behalf of herself and all others similarly situated. Defendant denies that Plaintiff's allegations have merit and that a class action is appropriate.

/ / /

1    25.    Defendant denies the allegations in Paragraph 25 of Plaintiff's
2    Complaint.

3    26.    Defendant denies the allegations in Paragraph 26 of Plaintiff's
4    Complaint.

5    27.    Defendant denies the allegations in Paragraph 27 of Plaintiff's
6    Complaint.

7    28.    Paragraph 28 of Plaintiff's Complaint contains no affirmative
8    allegations against Defendant.  To the extent said paragraph is deemed to contain
9    any affirmative allegations against Defendant, Defendant denies them.

10    29.    Defendant denies the allegations in Paragraph 29 of Plaintiff's
11    Complaint.

12    30.    Defendant denies the allegations in Paragraph 30 of Plaintiff's
13    Complaint.

14    31.    Defendant denies the allegations in Paragraph 31 of Plaintiff's
15    Complaint.

16    32.    Defendant denies the allegations in Paragraph 32 of Plaintiff's
17    Complaint.

18    33.    Defendant lacks sufficient knowledge to admit or deny the allegations
19    in Paragraph 33 of Plaintiff's Complaint.

20    34.    Defendant denies the allegations in Paragraph 34 of Plaintiff's
21    Complaint.

22    35.    Defendant denies the allegations in Paragraph 35 of Plaintiff's
23    Complaint.

24                    **FIRST CAUSE OF ACTION**

25    36.    Defendant incorporates by reference its responses set forth in
26    Paragraphs 1 through 35 above.

27    37.    Defendant denies the allegations in Paragraph 37 of Plaintiff's
28    Complaint, which also lack foundation and constitute legal conclusions.

38.   Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

39.   Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

### SECOND CAUSE OF ACTION

40.   Defendant incorporates by reference its responses set forth in Paragraphs 1 through 39 above.

41.   Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

42.   Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

43.   Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

### PLAINTIFF'S PRAYER FOR RELIEF

44.   Defendant denies that Plaintiff and the purported class members are entitled to the relief requested in Plaintiff's Prayer for Relief.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are, or may be, barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that its actions were proper and did not violate any provisions of 47 U.S.C. § 227 et seq.

/ / /

## FOURTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that the instant venue is improper and inconvenient to the parties and witnesses.

## FIFTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless, malicious, wanton or outrageous, and that Defendant at all times acted in good faith with respect to its communications with Plaintiff and/or other persons, if any there were.

## SIXTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose.  Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant asserts that the TCPA was intended to restrict telemarketers, not those actively engaged in the collection of debt, and enforcement of statutory damages under the TCPA against Defendant without prior notice would constitute imposition of unexpected, unfair, excessive, punitive, unlawful and constitutional damages.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff cannot establish that this action should be certified as a class action, as Plaintiff cannot establish the requirements of a class action, including, but not limited to, an ascertainable class, a well-defined community of interest in the questions of law and fact involved, numerosity of plaintiffs, common questions of law or fact, typicality of claims, adequacy of representation, and superiority of class action.

**NINTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant asserts that it had consent to call the phone number(s) at issue, either via prior express consent or implied consent.

**TENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant asserts that any alleged calls by Defendant to Plaintiff or the putative class were not made by an automatic telephone dialing system or an artificial or prerecorded voice.

**ELEVENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant asserts that any calls to Plaintiff or her putative class were made pursuant to an existing business relationship.

**TWELFTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant asserts that any calls to Plaintiff or his putative class were commercial calls that do not adversely affect privacy rights and/or did not transmit an unsolicited advertisement.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant asserts that debt collection calls are under the exclusive province of the Fair Debt Collection Practices Act.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendants assert that the TCPA does not provide for attorney's fees and that Plaintiff is not entitled to attorney's fees under any legal theory, including but not limited to the equitable "common fund" or "substantial benefit" doctrines.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that its conduct at all times complied with all applicable statutes, regulations and laws; and accordingly, Plaintiff's claims alleged against Defendant are barred.

## SIXTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred by the Bankruptcy Code and/or related case law, e.g. to the extent Plaintiff and/or any putative members filed for bankruptcy and failed to list this lawsuit and/or related claim(s) as an asset.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that if it is assumed, arguendo, that Defendant violated a statute as alleged in Plaintiff's Complaint, which presupposition Defendant denies, such violation was not negligent nor intentional, and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims may be barred by the doctrines of unclean hands, laches, waiver and/or estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred to the extent she lacks standing to assert them.

## TWENTIETH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are or may be subject to an arbitration agreement which may include a class action waiver and which may require Plaintiff's claims to be decided by mandatory and binding arbitration. If so, Defendant reserves its right to seek arbitration under the agreement.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

/ / /

1

## <u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

2      As a separate, affirmative defense, Defendant alleges that it reserves the

3   right to allege and assert any additional and/or further affirmative defenses as

4   become apparent to Defendant during the course of this litigation.

5

6      WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed

7   with prejudice, for its attorneys' fees and costs incurred herein, and for such further

8   relief as the Court deems just and equitable.

9

10  DATED:  October 7, 2013                  CARLSON & MESSER LLP

11

12                                    By:    s/David J. Kaminski
                                             Charles R. Messer
13                                           David J. Kaminski
                                             Attorneys for Defendant
14                                           CREDIT CONTROL, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this **7th** day of **October**, **2013**, a true and accurate copy of the foregoing  **ANSWER** with the Clerk of Court using the ECF system which will send notification of such filing to the following E-mail address(es):

ak@kazlg.com
josh@westcoastlitigation.com


/s/David J. Kaminski
David J. Kaminski

1

Certificate of Service